UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL BEATTIE,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br><br>　　　　**Defendant.** | Civ. No. 2:15-cv-0235 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　This matter comes before the Court on Plaintiff Michael Beattie's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner of Social Security (the "Commissioner") opposes the motion. The Commissioner does not contest that Plaintiff is the prevailing party, nor does the Commissioner object to counsel's hourly rate; rather, the Commissioner solely argues that the numbers of hours billed is excessive. Because the Court finds that the number of hours for which Plaintiff seeks payment is reasonable, Plaintiff's motion is **GRANTED**.

　　**I.**　　**RELEVANT BACKGROUND**

　　In January 2015, Plaintiff brought this action in this Court pursuant to 42 U.S.C. § 405(g) seeking review of a final determination by the Commissioner denying his Title II application for Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA"). ECF No. 1. Plaintiff was represented by his present counsel, Jon C. Durbin, a tenured professor at the Rutgers School of Law Urban Legal Clinic. Counsel did not represent Plaintiff in the administrative proceedings below.

　　In January 2016, following full briefing by the parties, this Court affirmed the Commissioner's decision. ECF No. 20. Plaintiff timely filed a notice of appeal. ECF No. 22. In July 2016, Plaintiff filed a 60-page brief in the Third Circuit appealing this Court's decision. In August 2016, the Commissioner filed an unopposed motion before the Third Circuit for full remand, and the matter was remanded to this Court. ECF No. 24. In October 2016, this Court vacated the Commissioner's decision and remanded under sentence four of § 405(g). ECF No. 26.

1

Plaintiff's counsel now moves for attorney's fees in the amount of **$33,758.28** for approximately **170 hours** of work. ECF Nos. 28 (Br.), 33 (Reply). The Commissioner opposes, arguing that this request is excessive, and that **$20,660.64** for **104 hours of work** is reasonable. ECF No. 32 (Opp.).

## II. LEGAL STANDARD

Under the EAJA, the Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by the party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Any fees awarded pursuant to EAJA must be "reasonable." *Id.* §§ 2412(b), (d)(2)(A). A fee applicant bears the burden of establishing entitlement to a reasonable award and documenting the appropriate hours expended and hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Rode v. Dellarciprete*, 892 F. 2d 1177, 1183 (3d Cir. 1990). The Supreme Court has cautioned that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

A district court has broad discretion in determining the appropriate amount of a fee award. *Id*. at 437. However, a court may not conduct a "generalized proportionality review of the entire fee award" in response to the Government's "bare allegation in general terms that the time spent was excessive." *U.S. v. Eleven Vehicles*, 200 F. 3d 203, 218 (3d Cir. 2000) (Alito, J. concurring).

## III. DISCUSSION

In this case, the Commissioner does not contest Plaintiff's claim that he is the "prevailing party" under the EAJA, nor does the Commissioner object to the hourly rate requested ($198.66 per hour). The Commissioner's sole contention is that Plaintiff has billed for an excessive number of hours. The contested hours are presented in the table below.

| Task | No. of Hours Pl's Counsel Billed | No. of Hours Comm'r Says are Reasonable |
|---|---|---|
| Pre-Complaint Investigation | 17.5 | 6 |
| Plaintiff's 9.1(d) Letter | 12 | 12 |
| Opening 40-Page District Court Brief | 21.375 | 16.75 |
| 14-Page Reply Brief | 14 | 8 |
| Appellate Work (Incl. 60-Page Brief) | 84.81 | 39.50 |
| EAJA Fee Brief | 20.5 | 19.75 |
| Total No. of Hours | 169.93 | 104 |

In all, Plaintiff's counsel seeks **$33,758.28** in fees for approximately **170 hours** of work. The Commissioner contends that this request is excessive, and that **$20,660.64** for **104 hours of work** is reasonable. For the following reasons, the Court finds that the hours requested by Plaintiff are reasonable and will award the full fee amount requested.

### Pre-Complaint Investigation Work

Plaintiff's counsel explains that he spent 17.5 hours between December 10, 2014 and January 13, 2015 on pre-investigation work. The Commissioner contends that 6 hours is "more than generous" for this work.

The Court rejects the Commissioner's non-specific challenge to the pre-complaint time, and will award the full 17.5 hours requested. *See Eleven Vehicles*, 200 F. 3d at 218. In doing so, the Court notes that Plaintiff's counsel did not serve as counsel in Plaintiff's agency proceedings and, thus, had to learn the case, interview and counsel the client, and consult prior counsel. *See Gonzalez v. Astrue*, 564 F. Supp. 2d 317, 320 (D.N.J. 2008) (finding that additional hours were warranted where counsel had not represented the client at the district court level). In fact, "reviewing the full administrative transcript could easily take a day's work." *Chonko v. Comm'r of Soc. Sec. Admin.*, 624 F. Supp. 2d 357, 361 (D.N.J. 2008). Moreover, the claimant in this case has been found to suffer from serious

3

communicative and interpersonal challenges due to his psychiatric impairment. Therefore, more time than usual was necessarily expended meeting with the client and conferring with his caseworker. Counsel should not be punished for spending an adequate amount of time ensuring that his client is able to understand the complexity of his case; therefore, the Court will award the full amount of hours requested for counsel's pre-complaint work.

### District Court Briefs

Plaintiff's counsel filed two briefs before the district court: a 40-page opening brief, for which he billed 21.375 hours, and 14-page reply brief, for which he billed 14 hours. The Commissioner argues that 16.75 hours for the opening brief and 8 hours for the reply brief, respectively, are reasonable. The Commissioner maintains that Plaintiff's case did not involve novel or complex issues and that the time spent was excessive because the research had already been done at the 9.1 Letter stage.

In *Maldonado v. Houstoun*, the Third Circuit stated that a reasonable amount of time to spend on a 41-page brief would be 120 hours, approximately 3 hours per page. *Maldonado*, 256 F.3d 181, 186 (3d Cir. 2001). Since then, courts in this district have regularly applied the "3 hours per page" rule in determining the reasonableness of hours spent on a brief in social security cases. *See, e.g., Bilak v. Colvin*, 73 F. Supp. 3d 481, 488 (D.N.J. 2014) (finding that the hours spent was within the "stated average" of 3 hours per page);" *Halley v. Comm'r of Soc. Sec.*, 2014 WL 334779, at *1 (D.N.J. 2014) (stating that, because judges in this district apply a 3-hour per page standard, Plaintiff's counsel started off with "60 hours in the bank" for a 20-page brief); *Chahua v. Astrue*, No. 10-cv-4093, 2011 WL 2491232, at *2 (D.N.J. June 21, 2011) (finding that "briefing in this matter falls well below Third Circuit precedent approving up to three hours per page spent on briefing.").

In this case, the Court finds that the hours billed for each of the district court briefs are reasonable. Counsel billed approximately one-half hour per page for his opening brief, and an hour per page for his reply brief. This is well below the benchmark set by *Maldonado* and subsequently applied to social security cases in this district. Moreover, counsel has clearly been cognizant of the need to keep attorney's fees down: counsel does not seek reimbursement for any of his costs, has voluntarily reduced his time by 5% for his opening brief, and certifies that "[w]ell over 100 hours of law student time has been deleted from this application to ensure the application's reasonableness." ECF No. 31. *See Bilak*, 73 F. Supp. 3d at 487 (EAJA reasonableness further bolstered by voluntary reductions in attorney time and elimination of law student time); *Gonzalez*, 564 F. Supp. 2d at 320-21 (same).

### Appellate Level Work

Finally, the Commissioner challenges the 86 hours Plaintiff's counsel spent at the appellate level. Specifically, the Commissioner contends that the 66.37 hours that

Plaintiff's counsel billed for his appellate brief was "grossly excessive," maintaining that 32 hours, at most, should adequately compensate for this time.

The Court agrees that, on its face, 86 hours spent at the appellate level in a routine social security case could be deemed excessive, especially where Plaintiff's counsel represented his client at the district court level. However, the Court has reviewed Plaintiff's 60-page brief on appeal and finds that counsel's billing request reasonable. First, "the appellate portion of a social security case may reasonably require more time than the portion before the trial court." *Chonko*, 624 F. Supp. 2d at 360. In this case specifically, counsel spent 15 pages of the appellate brief arguing the question of whether a claimant's moderate restrictions in concentration, persistence, and pace are impliedly incorporated in a hypothetical question to a vocational expert restricted to unskilled, "simple" jobs. App. Br. at 46-60. In doing so, counsel urged the Third Circuit to reaffirm its holding in *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004), in light of contrary subsequent Third Circuit decisions relied upon by the district court in its decision. This argument was not – and could not have been – raised in district court, and justifies the extra time spent researching and writing the appellate brief. In any case, 66.37 hours for a 60-page brief is far less than the 3-hour per page benchmark described above. Additionally, the Court notes that the quality of Plaintiff's appellate brief was thorough, exhaustive and – most important – successful. "Plaintiff's counsel should not be penalized for doing careful work." *Thomas v. Comm'r of Soc Sec.,* Civ. No. 07–4779(SRC), Slip. Op. at 6 (D.N.J. Apr. 7, 2011) (awarding $29,757 based on 163.50 attorney hours to the Rutgers Urban Legal Clinic).

Finally, the reasonableness of Plaintiff's request is further bolstered by similar social security cases in which courts have found similarly-requested attorney hours to be reasonable and awarded appropriate fees. *See Gonzalez*, 564 F. Supp. 2d at 320 (awarding $30,217.95 for 181 hours); *Bilak*, 73 F. Supp. 3d at 488 (awarding $34,207.02 for 176 hours); *Cintron v. Comm'r of Soc. Sec.*, 13-CV-7125, 2015 WL 3938998, at *4 (D.N.J. June 25, 2015) (awarding 14,737.24 for 75 hours of work done at the district court level alone); *Walton v. Massanari,* 177 F. Supp. 2d 359, 363–365 (E.D Pa. 2001) (awarding $25,410 for 180 hours).

The Court will therefore award $33,758.28 in attorney's fees, payable directly to the Rutgers Law Clinic, unless Plaintiff has any outstanding debts to the federal Government.[1]

---

[1] In doing so, the Court rejects the Commissioner's argument that the attorney's fees should go to Plaintiff, not his attorney. The EAJA directs the award of any Attorney's fees directly to the prevailing party. 28 U.S.C. § 2414(d)(1)(A). However, in this case, the legal work was performed *pro bono*, so there is no question of whether fees should be directed to the client to reimburse him for any sums already paid to counsel. To the contrary, where, as is the case here, there is an assignment agreement and the prevailing party owes no debt to the government, the Supreme Court has honored that agreement and awarded attorney's fees directly to the prevailing party's counsel. *See Astrue v. Ratliff,* 560 U.S. 586 (2010); *see also Bilak v. Colvin*, 73 F. Supp. 3d at 488, n.3.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is **GRANTED**.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  February 16, 2017**